IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN A. STOUT,<br><br>    Plaintiff,<br><br>    v.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY; AMAZON.COM HOLDING, INC. LONG TERM DISABILITY PLAN, and DOES 1-20, inclusive,<br><br>    Defendants.<br>_____/ | No. C 11-6186 CW<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STRIKE AND VACATING CASE MANAGEMENT CONFERENCE |

Defendants Hartford Life and Accident Insurance Company (Hartford) and Amazon.Com Holding, Inc. Long Term Disability Plan (Plan) move, under Federal Rule of Civil Procedure 12(f), to strike Plaintiff Kathleen A. Stout's demand for a jury trial and her request for future benefits. Plaintiff opposes the motion and Defendants have filed a reply. The motion was taken under submission and decided on the papers. Having considered all the papers filed by the parties, the Court grants the motion.

## DISCUSSION

Defendant Plan is a group long-term disability plan sponsored by Amazon.com Holdings, Inc., underwritten and insured by

Defendant Hartford and governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001 et seq. At all relevant times, Plaintiff was employed by Amazon and was insured under the Plan. Plaintiff alleges that she became disabled as defined by the Plan and that Hartford improperly denied her long term disability benefits. She asserts two claims.

Pursuant to Federal Rule of Civil Procedure 12(f), the court may strike from a pleading "any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). "Immaterial matter is that which has no essential or important relationship to the claim for relief." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), reversed on other grounds, 510 U.S. 517 (1994).

Plaintiff acknowledges that Ninth Circuit authority holds that ERISA does not permit jury trials. See e.g., Thomas v. Oregon Fruit Prods. Co., 228 F.3d 991, 996 (9th Cir. 2000). However, she argues that in Great West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 220-21 (2002), the Supreme Court changed the law regarding jury trials. Plaintiff is incorrect; Great West did not address any issue pertaining to the right to a jury trial under ERISA. See Fowler v. Aetna Life Ins. Co., 2008 WL 4911172, *5 (N.D. Cal.) (denying request for jury trial under ERISA). In light of the fact that there is no right to a jury trial in cases brought under ERISA, Defendants' motion to strike Plaintiff's jury demand is granted.

2

Defendants move to strike Plaintiff's demand for an order enjoining them "from terminating benefits for the duration of the applicable maximum benefit period under the Plan . . . "  In Fowler, 2008 WL 491172 at *1, the court granted a motion to strike the same request for declarative relief that is at issue here on the ground that ERISA does not permit the court to predict the future, given that circumstances affecting a claimant's eligibility for benefits might change.  In Welsh v. Burlingame N., Employee Benefits Plan, 54 F.3d 1331, 1340 (8th Cir. 1995), the Eighth Circuit affirmed the district court's order declaring that the plaintiff was entitled to benefits in the future for as long as he was disabled, noting that the plan had the right to evaluate whether the plaintiff continued to be disabled in the future.

Therefore, Plaintiff may not obtain an order that she is entitled to an unconditional award of future benefits.  The Court will construe her request as seeking an order entitling her to future benefits as long as she qualifies for benefits under the terms of the Plan.

## CONCLUSION

Based on the foregoing, Defendants' motion to strike is granted.  The case management conference scheduled for March 21, 2012 is vacated.  The case is hereby referred to private mediation for alternate dispute resolution, to be held not more than ninety days from the date of this order.

3

Plaintiff may seek discovery informally from Defendants, which Defendants shall provide if the requests are not burdensome. If the parties cannot agree, they shall meet and confer.  If they still are unable to agree, the aggrieved party may file a motion, which will be referred to a magistrate judge.  Any discovery shall be completed by October 11, 2012 and any experts disclosed by September 11, 2012.  If Plaintiff wishes to supplement the Administrative Record, Plaintiff shall attempt to obtain a stipulation from Defendants to do so.  If the parties cannot agree on supplemental evidence, Plaintiff may include a request to supplement the Administrative Record in the brief on the motion for judgment, submitting the proposed supplemental evidence with a declaration.

The case shall be resolved on cross-motions for judgment pursuant to Rule 52 of the Federal Rules of Civil Procedure and <u>Kearney v. Standard Insurance</u>, 175 F.3d 1084 (9th Cir. 1999).  The briefs shall address the scope of review and whether the Court's review is limited to the Administrative Record or whether supplemental evidence should be considered.

Plaintiff shall file her motion for judgment in a single brief of no more than twenty-five pages on October 11, 2012. Defendants shall file their opposition and cross-motion for judgment in a single brief of no more than twenty-five pages on November 8, 2012.  Plaintiff shall file a reply and opposition to the cross-motion of no more than fifteen pages on November 22,

4

2012.  Defendants may file a reply to the cross-motion of no more than fifteen pages on December 6, 2012.  The hearing will be held on December 20, 2012 at 2:00 pm in Courtroom 2.

    IT IS SO ORDERED.

Dated: 3/8/2012

    CLAUDIA WILKEN
    United States District Judge