IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN A. STOUT,<br><br>    Plaintiff,<br><br>   v.<br><br>HARTFORD LIFE AND ACCIDENT INS. CO., AMAZON.COM HOLDINGS, INC. LONG TERM DISABILITY PLAN, and DOES 1-20,<br><br>    Defendants.<br>_____/ | No. CV 11-6186 CW<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION TO FILE UNDER SEAL (Docket No. 46) |

On November 15, 2012, Plaintiff Kathleen Stout filed an administrative motion seeking permission to file under seal Exhibits C through F of Brian Kim's declaration in support of her Rule 52 motion for judgment.  Defendants, Hartford Life and Accident Insurance Company and Amazon.com Holdings, Inc. Long Term Disability Plan, who designated these documents as confidential, have submitted declarations in support of Plaintiff's motion to seal.  Having reviewed the parties' papers, the Court now grants the motion in part and denies it in part.  In addition, the Court approves Plaintiff's proposed redactions to her motion for judgment and to her proposed findings of fact and conclusions of law.

DISCUSSION

The Ninth Circuit has held that where a party seeks to file documents under seal in connection with a dispositive motion, the moving party must demonstrate compelling reasons to seal the

documents. <u>Kamakana v. City & County of Honolulu</u>, 447 F.3d 1172, 1178-79 (9th Cir. 2006). "The party requesting the sealing order must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." <u>Id.</u> at 1178-79 (internal citations and alterations omitted). "In turn, the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." <u>Id.</u> at 1179 (internal citations and alterations omitted). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." <u>Id.</u> (citing <u>Foltz v. State Farm Mut. Auto. Ins. Co.</u>, 331 F.3d 1122, 1136 (9th Cir. 2003)).

Here, Plaintiff seeks to file under seal several documents in connection with her motion for judgment. Because Defendants designated the documents at issue as confidential, they have filed declarations seeking to establish that the documents are sealable pursuant to Civil Local Rule 79-5(d). The following sections address each of these documents and Defendants' proffered justifications for sealing them.

   A.   Kim Declaration, Exhibit C

First, the parties seek to seal Exhibit C to Brian Kim's declaration in support of Plaintiff's motion for judgment. Exhibit C consists of the entire policy and procedure manual for Hartford's "GBD Special Investigations Unit." This manual, which is prominently labeled "Proprietary & Confidential," essentially

2

sets forth the company's protocols for investigating and reporting insurance fraud by its policyholders.  Defendants contend that the manual contains information that, if made public, "would work to Hartford's commercial and competitive disadvantage" by allowing competitors to adopt Hartford's investigative procedures. Declaration of Yvonne S. Bretz ¶ 3.  Additionally, because the manual includes information about vendors with whom Hartford contracts to provide certain claims services, competitors could use it to "solicit business away from Hartford" or gain a "competitive edge in marketing."  Id.  For all of these reasons, Defendants have implemented various internal safeguards to protect against the manual's disclosure.  Id. ¶ 5.  Having reviewed the manual itself, the Court finds that Defendants have established compelling reasons for sealing the manual.

B.   Kim Declaration, Exhibit D

The parties next seek to seal Exhibit D to the Kim declaration.  Exhibit D consists of excerpts of Hartford's performance evaluations of one of its employees.  Defendants contend that this document is confidential and should be sealed in its entirety to protect the employee's privacy.  Declaration of Jeffrey O'Polka ¶¶ 8-9.  Courts are split on whether employees' privacy interests justify shielding their performance evaluations from public view.  Compare Butler v. DirectSAT USA, LLC, 2012 WL 1203980, at *11 (D. Md.) (granting motion to seal "sensitive personnel records"), with Lown v. Salvation Army, Inc., 2012 WL 4888534, at *2 (S.D.N.Y.) (holding that an employee's "privacy interests are entitled to significant weight in the balancing against the public's right to access" but those interests are not

3

sufficiently compelling to justify sealing the employee's performance reviews). Here, the employee's performance evaluations are largely positive and, to the extent Plaintiff relies on them, it is principally to establish the reviewer's conduct -- not to impugn or embarrass the employee. Accordingly, the employee's privacy interests, standing alone, are insufficient to justify sealing the performance evaluations.

Hartford also contends that the performance evaluations should be sealed because they contain sensitive and proprietary information regarding the company's performance criteria and investigation guidelines. O'Polka Decl. ¶¶ 8-9. The Court finds that these concerns could be addressed simply by redacting some of the specific figures cited in the evaluations to document employee performance over time. In particular, Defendants have a compelling interest in shielding the following numbers from disclosure: individual and peer-group averages for MCM referral rates (cited on pages 1862, 1865, 1875), Investigator referrals per month (1865, 1875), cases accepted per month (1858, 1865, 1867, 1875), proactives accepted per month (1875), companion waivers accepted per month (1875), referrals accepted per month (1875), and the total number of accepted and closed cases per year (1875). These are the only aspects of the excerpted performance evaluations that can reasonably be deemed sensitive. The rest of the document simply relies on generic performance indicators to assess the employee and compare him to his peers.

Accordingly, the Court finds that Defendants have only established compelling reasons to seal certain parts of the performance evaluations, as specified above.

4

C.   Kim Declaration, Exhibits E-F

Finally, the parties seek to seal Exhibits E and F of the Kim declaration.  Exhibit E consists of Hartford's supplemental responses to Plaintiff's first set of interrogatories while Exhibit F consists of Hartford's "Independent Medical Consultant Services Agreement" with the University Disability Consortium (UDC).  Defendants contend that both of these documents contain confidential and proprietary information about the "cost and manner" in which Hartford secures its medical reviews through its medical vendors and physicians and "how those materials are used to evaluate claims."  O'Polka Decl. ¶ 7.  They note that Hartford's competitors could use this information to adjust their own contracts with vendors and physicians, thus undermining Hartford's ability to compete.  Id.  After reviewing the documents, the Court finds that Defendants have established compelling reasons for sealing Hartford's contract with UDC and its supplemental responses to Plaintiff's first set of interrogatories.  This Court has previously recognized that litigants may file under seal their contracts with third parties that contain proprietary and confidential business information.  See Power Tech., Inc. v. Tessera, Inc., 2012 WL 3283421, at *1 (N.D. Cal.).

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to file under seal (Docket No. 46) is GRANTED in part and DENIED in part.  The Court GRANTS Plaintiff leave to file under seal Exhibits C, E, and F to Brian Kim's declaration in support of Plaintiff's motion for judgment.  Within three days of this order, Plaintiff shall

5

redact Exhibit D in a manner consistent with this order and shall file it in the public record. Plaintiff shall also file in the public record the redacted versions of her motion for judgment and of her proposed findings of fact and conclusions of law. The unredacted versions of Plaintiff's motion for judgment and proposed findings of fact and conclusions of law shall be filed under seal.

    IT IS SO ORDERED.

Dated: 12/4/2012

CLAUDIA WILKEN
United States District Judge